**IT IS ORDERED as set forth below:**

Date: May 5, 2020

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-62546-WLH |
| ADEOLUWATOKE ADETAYO, | CHAPTER 7 |
| Debtor, | |
| CHELSEA TANNER, | AP NO. 20-6049-WLH |
| Plaintiff, | |
| v. | |
| ADEOLUWATOKE ADETAYO, | |
| Defendant. | |

## ORDER DISMISSMING CASE

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss ("Motion") (Doc. No. 3). Plaintiff Chelsea Tanner filed the Complaint on March 2, 2020 seeking a determination that nearly $8,000 she paid to secure a wedding venue be deemed nondischargeable in the case of Adeoluwatoke Adetayo ("Debtor" or "Defendant"). Debtor filed the Motion on April 1, 2020.

1

Plaintiff's response was due by April 15, 2020. Plaintiff failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).

Motion to Dismiss Standard

Debtor seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, the purpose of a motion to dismiss is not to resolve disputed facts or decide the merits of a case. Rather, the purpose of a motion to dismiss is to ensure the plaintiff has provided notice of the grounds which entitle him to relief. Twombly, 550 U.S. at 561. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). On a motion to dismiss for failure to state a claim, the Court must assume that the factual allegations are true and give the plaintiff the benefit of all reasonable inferences. See e.g., Rehberg v. Paulk, 611 F.3d 828, 835 n.1 (11th Cir. 2010).

In addition to the Twombly/Iqbal pleading standards that apply to all complaints, complaints that allege fraud are subject to a heightened pleading standard. Bankruptcy Rule 7009

2

and Fed. R. Civ. P. 9(b) require the plaintiff to "state with particularity the circumstances constituting fraud or mistake." In re Eden, 584 B.R. 795, 803 (Bankr. N.D. Ga. 2018) (Diehl, J.) (quoting Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009). The intent element of fraud may be alleged generally. Id. Nondischargeability claims under 11 U.S.C. § 523(a)(2) are subject to the heightened pleading standard enumerated in Bankruptcy Rule 7009 and Fed. R. Civ. P. 9(b). Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1758-59 (2018); Bankers Healthcare Grp., LLC v. Moss (In re Moss), 598 B.R. 508, 512 (Bankr. N.D. Ga. 2019).

Although Plaintiff is proceeding in this action *pro se*, that does not relieve her of the requirement of drafting a well-pleaded complaint. While courts typically afford *pro se* plaintiffs more latitude with regard to pleading standards, "[e]ven a *pro se* litigant is required to comply with the rules of procedure." LaCroix, 627 Fed.App'x. at 818; see also Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting that a "court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").

Section 523(a)(2)(A)

Exceptions to discharge are narrowly construed and the burden is on the creditor to prove nondischargeability by a preponderance of the evidence. Duncan v. Bucciarelli (In re Bucciarelli), 429 B.R. 372, 375 (Bankr. N.D. Ga. 2010). Plaintiff alleges she has a claim that is non-dischargeable under Section 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge claims for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A). "Not all frauds are included within the exception of section 523(a)(2)(A), but only those involved in the

3

obtaining of money, property, or services" by false pretenses, false presentations, and actual fraud. Smith v. Smith (In re Smith), 489 B.R. 875, 886 (Bankr. M.D. Ga. 2013). To prevail on a Section 523(a)(2)(A) claim, the creditor must also show justifiable reliance on the debtor's false pretenses, false representation, or actual fraud. Field v. Mans, 516 U.S. 59, 74 (1995); see also Bankers Healthcare Grp., LLC v. Moss (In re Moss), 598 B.R. 508, 514 (Bankr. N.D. Ga. 2019).

To succeed in proving a false representation under Section 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation with the intention of deceiving the creditor; (2) the creditor relied on the false representation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the false representation. Presley v. Presley (In re Presley), 490 B.R. 633 (Bankr. N.D. Ga. 2013). A breach of contract is not a misrepresentation unless the debtor never intended to comply with the contract. Res-Ga Diamond Meadows, LLC v. Robertson (In re Robertson), 576 B.R. 684, 716 (Bankr. N.D. Ga. 2017) (citations omitted)

Section 523(a)(2)(A) also excepts from discharge debts obtained by false pretenses. "As distinguished from false representation, which is an express misrepresentation, false pretense involves an implied misrepresentation or conduct intended to create and foster a false impression[.]" Minority Equity Capital Corp. v. Weinstein (In re Weinstein), 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983). To establish a claim under false pretenses, the creditor must prove: "(1) the [defendant] made an omission or implied misrepresentation; (2) promoted knowingly and willingly by the defendant; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff; (4) which wrongfully induced the plaintiff to advance money, property, or credit to the defendant." Cawthon v. Cawthon (In re Cawthon), 594 B.R. 913, 920 (Bankr. N.D. Ga. 2018).

Finally, a debt may be nondischargeable under Section 523(a)(2)(A) if obtained by actual

4

fraud. While fraud is a generic term which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated," Burke v. Burke, (In re Burke ), 405 B.R. 626, 646 (Bankr. N.D. Ill. 2009), "[a]ctual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." Husky Int'l Elecs., Inc. v. Ritz, 136 S. Ct. 1581, 1586 (2016). Courts have historically construed the terms in Section 523(a)(2)(A) to contain the "elements that the common law has defined them to include," Husky, 136 S. Ct. at 1586 (citing Field v. Mans, 516 U.S. 59, 69 (1995)), and the elements of the Georgia tort of fraud are essentially the same as the elements of a Section 523(a)(2)(A) claim based on fraud. Wilson Family Foods, Inc. v. Brown (In re Brown), 457 B.R. 919, 924 n.1 (Bankr. M.D. Ga. 2011); Lewis v. Lowery (In re Lowery), 440 B.R. 914, 924 (Bankr. N.D. Ga. 2010).

With these pleading standards in mind, the Complaint falls short of plausibly demonstrating the Debtor's alleged liability. The Complaint alleges Plaintiff booked a wedding venue at Suada Studio, a company owned by the Debtor, and paid $7,968.22. Allegedly, the company and the Debtor have not responded and are not able to provide the wedding venue as expected. Plaintiff does not allege Debtor made a false statement or misrepresented anything to her, and she does not allege Debtor made such a statement with the purpose of deceiving Plaintiff. In fact, Plaintiff does not state she had any communication or contact with the Debtor before signing the contract for the wedding venue and advancing funds for it. Since Plaintiff does not allege Debtor made a false statement to her, she does not allege that she relied on one made by the Debtor and that her reliance was justifiable. Moreover, as stated above, a breach of contract (here the failure to provide the venue) is only nondischargeable if the debtor had no intention of performing the contract at the time it was made. Plaintiff has made no such allegations. While Plaintiff is understandably

5

frustrated to lose a wedding venue, she has not alleged Debtor made and promoted an implied misrepresentation knowingly and willingly. Finally, Plaintiff does not state with particularity circumstances constituting fraud or mistake.

Although Plaintiff is proceeding in this action *pro se*, that does not relieve her of the requirement of drafting a well-pleaded complaint. The Court finds, even in the best possible light, the Complaint fails to state a claim for relief under § 523(a)(2)(A).

Other Claims

On the cover sheet attached to the Complaint, Plaintiff also stated she was seeking the recovery of money and objecting to Debtor's discharge. The Complaint, however, fails to provide any allegations that would support these additional claims she may be seeking and the grounds upon which they rest. Consequently, Plaintiff has failed to state claims in accordance with the pleading requirements in accordance with Rule 12(b)(6) and the Complaint should be dismissed.

Prejudice

While Defendant seeks dismissal with prejudice, the presumption is in favor of a dismissal without prejudice. "[A] dismissal with prejudice is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the [ . . .] court specifically finds that lesser sanctions would not suffice." Dinardo v. Palm Beach County Cir. Ct. Judge, 199 F. App'x 731, 735 (11th Cir. 2006) (internal quotations and citations omitted) (emphasis in original); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (explaining dismissal with prejudice is considered a "sanction of last resort"). Dismissal is warranted because the Complaint does not state a claim for relief, but the extreme circumstances necessary for dismissal with prejudice are not present in this case.

For the reasons stated above,

**IT IS ORDERED** that the Motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the above-styled adversary proceeding is **DISMISSED WITHOUT PREJUDICE**.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Defendant, Defendant's counsel, and the Chapter 7 Trustee.

**END OF DOCUMENT**